**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

CARL CEDERMAN,

        Plaintiff,

                          12-CV-011-RJA-JJM
        v.                      **DECISION AND ORDER**

PALISADES ACQUISITIONS XVI, LLC,
and SHARINN & LIPSHIT, P.C.,

        Defendants.
_____

       This case is before the Court on the Plaintiff's motion to reopen the case after the parties informed the Court that the matter had settled. *See* Docket No. 40. The Court assumes familiarity with the case's factual and procedural background, including the facts relevant to the Plaintiff's motion. *See* Docket No. 40-1.

       The Court grants the Plaintiff's motion and, pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court vacates its prior Order closing this case. *See* Docket No. 39. Rule 60(b)(3) allows the Court to "relieve a party from a final judgment, order or proceeding" based on "fraud . . . misrepresentation, or misconduct by an opposing party." The party seeking relief under Rule 60(b)(3) "must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003). As discussed below, the Court finds that the Plaintiff has shown, by clear and convincing evidence, that Defense counsel has engaged in "misconduct," Fed. R. Civ. P. 60(b)(3), sufficient to vacate the Court's Order closing this case. "Misconduct" under Rule 60(b)(3) "does not demand proof of nefarious intent or

1

purpose as a prerequisite to redress." *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988). *See also Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013) ("Although the scope of 'misconduct' is not defined, it certainly envisions a wider scope than fraud or misrepresentation lest it be redundant.") Rather, courts have interpreted the word "expansive[ly]" in order to give it meaning separate and apart from the words "fraud" and "misrepresentation" in Rule 60(b)(3). *Anderson*, 862 F.2d at 923.

That standard is met based on the unrebutted factual record before the Court.[1] The Plaintiff alleges that the parties informed the Court that they had settled this matter, based on an email agreement between Plaintiff's counsel and Defense counsel. *See* Docket No. 40-2.[2] After the Court was informed that the parties had agreed to settle this matter, the Court entered an order "terminat[ing] the action subject to the parties' right to re-open for a period of 60 days for good cause shown upon failure to close their settlement." Docket No. 39. The Plaintiff alleges that, over the next five months, and after repeated emails to Defense counsel, Defense counsel failed to provide Plaintiff's counsel with a proposed settlement agreement, as she had agreed to do. After this conduct continued for approximately three months, Plaintiff's counsel provided Defense counsel with a proposed settlement agreement. As of the date of this Decision and Order, however, there is no indication that Plaintiff's counsel's proposed settlement agreement has been executed.

---

[1] Defense counsel has not responded to any of the Plaintiff's allegations, despite two Orders directing her to do so. *See* Docket Nos. 41 & 43.

[2] In the email, Plaintiff's counsel stated that the Plaintiff "will agree to settle the matter for $10,000 with the first $5,000 payable in 30 days and the second $5,000 payable from the first payment. Please confirm this is the Defendants [sic] understanding and I will contact the Court and inform them we have a settlement in principle. Please forward a proposed settlement agreement for my review as well." Defense counsel responded several hours later by stating: "Agreed. Thank you." Docket No. 40-2.

At the very least, Defense counsel's conduct is "misconduct" sufficient to vacate the Court's Order terminating this action. The Court terminated this action based on a representation from the parties that they had settled the matter. And that representation was based on Defense counsel's representation to Plaintiff's counsel that the Plaintiff's proposed settlement terms were acceptable. *See* Docket 40-2 ("Please confirm this is Defendant's understanding and I [Plaintiff's counsel] will contact the Court and inform them we have a settlement in principle.") Defense counsel's repeated failure, over the next several months, to respond to Plaintiff's counsel's inquiries—while also suggesting during that time period that she intended to do so—precluded Plaintiff's counsel from making a good faith motion to reopen this case within the 60-day period permitted by the Court's January 26, 2016 Order.

By granting the Plaintiff's motion pursuant to Rule 60(b)(3)'s "misconduct" prong, the Court does not suggest that Rule 60(b)(3)'s other bases for vacating an order—fraud or misrepresentation—might not be satisfied in this case. However, the Court declines to make those consequential findings on the one-sided record currently before the Court. A finding of "[m]isconduct" under Rule 60(b)(3) is supported by clear and convincing evidence, and it is sufficient to grant the Plaintiff's motion. For similar reasons, this Decision and Order is not intended to preclude the Court from sanctioning Defense counsel at the conclusion of this case for, among other things, her repeated failure to comply with the Court's Orders. *See United States v. Seltzer*, 227 F.3d 36 (2d Cir. 2000).[3]

---

[3] In considering sanctions, the Court is mindful that Defense counsel has previously been sanctioned for "utter disregard for the rules of the court." *Brumby v. Sharinn & Lipshie, P.C.*, 2011 WL 6396385 (E.D.N.Y. May 23, 2011).

3

Finally, the Court holds in abeyance Plaintiff's request for the attorneys' fees he incurred in bringing this motion. Once this case is resolved—either by trial or executed settlement agreement—the Court will consider Plaintiff's request, either pursuant to the Court's inherent authority to sanction misconduct that occurs before it, *see generally*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) or pursuant to the authority granted by 28 U.S.C. § 1927.

## CONCLUSION

For the reasons stated above, the Court grants the Plaintiff's motion to vacate the Court's prior Order terminating this case. The Order terminating this case (Docket No. 39) is hereby vacated. Because this case was set for trial in January 2016, the Court sets this matter for jury selection on August 9, 2016. The Defendant's pretrial submissions, as outlined in the Court's Pretrial Order (Docket No. 27), are due on or before August 5, 2016. A final pretrial conference is scheduled for August 8, 2016 at 2 p.m. The attorneys who will try the case must attend the pretrial conference.

**SO ORDERED.**

Dated: August 1, 2016             s/Richard J. Arcara
    Buffalo, New York             HONORABLE RICHARD J. ARCARA
                                                          UNITED STATES DISTRICT JUDGE